UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jason Spanel, | Case No. 2:25-cv-00291-CDS-MDC |
| Plaintiff | **Order Granting Plaintiff's Motion to Remand** |
| v. | |
| USAA Casualty Insurance Company, | [ECF No. 11] |
| Defendant | |

This case involves an insurance dispute between plaintiff Jason Spanel and defendant USAA Casualty Insurance Company (USAA). *See* Am. compl., ECF No. 2-2 at 46–61. On February 12, 2025, USAA removed this action from the Eighth Judicial District Court for Clark County, Nevada. *See* Pet., ECF No. 2. Spanel now moves to remand this case to state court, arguing removal was improper. *See* Mot., ECF No. 11. USAA opposes the motion. Opp'n, ECF No. 17. The motion is fully briefed. Reply, ECF No. 18. For the reasons explained herein, I find that USAA's removal was untimely and does not fall under the "bad faith" exception, so Spanel's motion to remand is granted.

I.     Background[1]

This matter arises from a motor vehicle accident that occurred on May 25, 2022 between Spanel and prior co-defendant Juan Camilo Escobar in Clark County, Nevada. Am. compl., ECF No. 2-2 at 47, ¶ 5. Spanel alleged that Escobar smashed into the rear of his vehicle, and as a result, he suffered serious injuries. *Id.* at ¶¶ 6–7. At the time of the incident, Spanel and Escobar were Nevada residents, *id.* at 46, ¶¶ 1–2, Spanel was covered by a long-term disability policy with Hartford Insurance through his employment, *id.* at ¶ 1, and Spanel maintained a motor vehicle insurance policy with USAA.[2] *Id.* at ¶ 3. Spanel was treated for the car accident injuries. *Id.* at 48,

---

[1] Unless otherwise noted, the court only cites to the amended complaint (ECF No. 2-2 at 46–61) to provide context to this action, not to indicate a finding of fact.
[2] USAA is a citizen of Texas (has no principal place of business in Nevada). Pet., ECF No. 2 at 3.

¶ 8. Simultaneously, while being treated for his injuries, an underinsured motorist claim and a $500,000 demand was sent to USAA by Spanel's counsel. *Id.* at ¶ 9. He submitted his medical bills, records, and employment documents to USAA for medical pay and wage earner disability benefits. *Id.* at ¶ 8. After submitting his medical pay and wage earner disability benefits claims to USAA, they paid Spanel over $41,000 in medical benefits and determined that Spanel was rendered totally disabled. *Id.* at ¶ 8. As a result, USAA paid him $24,000 for a year under the wage earner disability provision of his policy. *Id.* at ¶ 8.

During USAA's review of his underinsured motorist claim, a claims adjuster requested wage documentation because USAA received a $139,865 reimbursement request from Hartford's long term disability benefits paid to Spanel. *Id.* USAA also requested Spanel's bills and records. *Id.* Spanel alleges that USAA "was concerned about the Hartford subrogation request for [long term disability] benefits that Hartford had submitted to USAA." *Id.* On November 6, 2023 and December 7, 2023, Spanel's counsel tried informing the USAA's claims adjuster that Hartford could not subrogate against the underinsured motorist policy because Hartford was only entitled to a recovery from a third-party insurance. *Id.* at ¶ 10. Spanel asserts that the claims adjuster did not respond to his letter and email communicating this information. *Id.*

On December 4, 2023, Spanel filed a lawsuit in the Eighth Judicial District Court alleging two claims—one claim against Escobar for damages and one claim against USAA for underinsured motorist benefits. *Id.* at 49, ¶ 11; Compl., ECF No. 2-2 at 2–5. After the complaint was filed, on June 13, 2024, Spanel produced a comprehensive medical evaluation and a "Life Care Plan" to USAA. *Id.* at ¶ 13. And on June 14, 2024, he again demanded that USAA pay the $500,000 in underinsured motorist benefits. *Id.* at ¶¶ 13–14. After communicating with USAA, Spanel underwent a separate evaluation with USAA's medical expert, and a deposition with USAA's counsel. *Id.* at 50, ¶ 15. Spanel asserts that USAA's medical expert was selected because that particular expert has a "history of concluding that injury claimants had only suffered self-resolving sprain/strain for the date of the accident only." *Id.* at 50–51, ¶ 17. Spanel alleges that

2

USAA medical expert's findings contradicted prior findings made by the other USAA's adjusters who separately handled the medical pay and wage earner disability benefits. *Id.* at ¶ 18.

On September 25, 2024, Spanel informed USAA that he would wait until the end of October 2024 for USAA to render its final decision on his underinsured demand. *Id.* at 52, ¶ 19. On October 28, 2024, Spanel informed USAA that he considered his underinsured claim denied without reasonable basis because he had not received a response from USAA. *Id.* at ¶ 20. On October 29, 2024, USAA responded stating that it "had not denied Plaintiff's underinsured claim." *Id.* But Spanel asserts that USAA "unequivocally embraced [USAA's medical expert's] finding that Spanel did not suffer a bodily injury," and this constituted a denial de facto of Spanel's underinsured motorist benefits. *Id.* at 53, ¶ 24. As set forth in the complaint, around December 2024, USAA still had not offered Spanel any underinsured motorist compensation. *Id.* at ¶ 25.

On January 14, 2025, Spanel filed his first amended complaint asserting claims against Escobar and USAA. *See* ECF No. 2-2 at 46–61. In the amended complaint, Spanel alleged negligence claims against Escobar,[3] and alleged breach of contract, bad faith, and violations of the Nevada Trade Practices Act claims against USAA. *See id.* at 54–60, ¶¶ 27–55.

A notice of partial settlement was filed on February 3, 2025, dismissing Escobar from Spanel's suit. Notice, Def.s' Ex. F, ECF No. 2-7. Shortly thereafter, USAA removed the matter under 28 U.S.C. § 1446(b)(3) ("a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removeable."). USAA asserts in its petition that once Spanel filed a notice of partial settlement dismissing Escobar, this matter became removeable. ECF No. 2 at 4.

---

[3] Although unclear from the amended complaint, during the time that Spanel's underinsured claim was pending, there was a release letter dated August 14, 2023, allegedly releasing Escobar from liability. *See* August 14, 2023 letter, Def.s' Ex. B, ECF No. 2-3. However, Spanel explains in its motion that Root, Escobar's insurer, never accepted that release. *See* ECF No. 11 at 6.

3

I.       **Legal standard**

Title 28, United States Code, Section 1446(b) generally provides for two different 30-day time limits for removing an action to federal court. The first provides that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1); *see also HSBC Bank USA Nat'l Ass'n v. Manguin*, 2017 WL 955179, at *1 (D. Nev. Mar. 10, 2017) ("Removal was untimely because [defendants] were required to remove the case within 30 days of service of the summons and complaint."). The second allows removal "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). However, an "amended complaint may not be removed based upon diversity more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent removal." *WMCV Phase, LLC v. Tufenkian Carpets Las Vegas, LLC*, 2012 U.S. Dist. LEXIS 150007, at *3 (D. Nev. Oct. 18, 2012) (citing 28 U.S.C. § 1446 (c)(1)).

Once an action is removed to federal court, a plaintiff may challenge removal by filing a motion to remand. 28 U.S.C. § 1447(c). To protect the jurisdiction of state courts, the removal statute should be construed narrowly, against removal jurisdiction and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (explaining courts will strictly "construe the removal statute against removal jurisdiction," and doubts as to removability should be resolved in favor of remanding the case).

II.      **Discussion**

On February 12, 2025, USAA removed this action on the basis of diversity jurisdiction. *See* ECF No. 10 at 2. USAA relied on the second 30-day window for removal, that is, it asserts

that this action was removed within thirty days of February 3, 2025, when Spanel filed a notice of partial settlement confirming that his claims against former co-defendant Escobar were resolved. *Id.* That notice stated Escobar would be dismissed "in the near feature." ECF No. 2-7. Thus, USAA articulates that under 28 U.S.C. § 1446(b), this action was timely removed. ECF No. 10 at 2–4.

Spanel moves for remand, asserting that USAA's removal was both untimely and improper.[4] ECF No. 11 at 2. Specifically, Spanel asserts that USAA "distort[s] the law" and its petition reveals "the meritless nature of the removal." *Id.* I first address Spanel's argument that USAA's position was improper—USAA asserting that removal was timely under the "30 day rule of 28 U.S.C. § 1446(b)(3) [which] applies to the year and a day rule and a party learning during the course of that year in litigation that a case can now be removed." *Id.* Spanel asserts that § 1446(b)(3)'s year and a day rule ran on January 8, 2025, because USAA filed its answer in state court on January 6, 2024. *Id.* at 2–3. Further, Spanel also argues that while there was an August 2023 letter of release provided to USAA's counsel (which was later withdrawn), Escobar was not released until February 2025, so the petition for removal was filed more than 35 days after the year and a day had run. *Id.* at 3.

In opposition, USAA argues that the "exception for removing a case after a year is clearly met" here. *See* ECF No. 17 at 2, 5. The opposition also essentially abandons its initial grounds (timely removal based on diversity, not the § 1446(b)(3) exception) for removing this matter from state court. Instead, USAA argues that Spanel "manipulated" jurisdiction to maintain Escobar as a co-defendant in this action to prevent removal to federal court, which is plainly bad faith, so 28 U.S.C. § 1446(c)(1) applies. *See id.* at 6. To support its argument, USAA relies on correspondence between Spanel and Root, where Spanel wrote that "the settlement with Escobar was being withdrawn and" to keep Escobar "in the case until Plaintiff believe[d]" USAA

---

[4] Spanel's motion and reply violate Local Rule IC 2-2(a)(1) (all documents must be filed in searchable PDF) not merely scanned.

5

would no longer be able to remove the action. ECF No. 17 at 3–5 (citing Pl.'s Ex. 3, ECF No. 11-3). That same correspondence stated that "once USAA has filed an Answer in State Court to the lawsuit and the time has run for any possible removal of said lawsuit to Federal Court, then [Spanel] can discuss possible settlement with Root." *Id.*

USAA recognizes the strong presumption against removal but argues that the case referenced by the plaintiff, *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996), "was decided when there were no exceptions to" the one-year limitation period under 28 U.S.C. § 1446. ECF No. 17 at 6. USAA asserts that the rationale for the presumption against removal is not applicable here because Congress added the bad faith exception. *Id.* USAA further asserts that Spanel made clear "that the timing of the settlement with Escobar was fully intended to occur after the [timing for its] right of removal had passed." *Id.* at 7 (modified).

Remand is appropriate here for two reasons. First, a petition for removal "cannot be amended to add a separate basis for removal jurisdiction after the thirty day period." *O'Halloran v. University of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988). A defendant may amend the petition for removal after the thirty-day window has closed to correct a "defective allegation of jurisdiction." *See* 28 U.S.C. § 1653. But that is not what occurred here. Rather, USAA removed this matter from state court on 28 U.S.C. § 1446(b)(3) grounds, then without leave of court, pivoted and alleged removal was appropriate under 28 U.S.C. § 1446(c). This procedural defect is grounds to grant the motion. I nonetheless address the untimeliness of removal. USAA's removal was untimely because it was filed more than a year and a day after USAA filed its answer in state court.

Second, there is insufficient evidence to find the bad faith exception applies. Spanel's motion explains at length the background regarding his effort to settle with Escobar and Root. ECF No. 11 at 6–10. Spanel asserts that there was never a valid settlement between him and Escobar's insurer until February 20, 2025. *Id.* at 14–15. Moreover, Spanel argues that settling with a tortfeasor/co-defendant at an appropriate time is neither unethical nor a violation of the

6

law. *Id.* at 3, n.1. Finally, Spanel argues that USAA was on notice that he would be settling with Escobar as early as December 23, 2024, when he filed a short opposition to a countermotion in state court. *Id.* at 13. Yet even then, USAA did not remove this case to federal court. *Id.*

USAA's selective excerpts from Spanel's remand motion are insufficient to support its contention that Spanel intentionally and strategically planned to limit USAA's opportunity to remove this matter. The paragraph USAA relies upon reads:

> Accordingly, as of December 23, 2024, USAA knew that Plaintiff would be settling with Defendant Escobar the week of January 13, 2025, which would be about a week or so after the year and a day had run since USAA had filed its January 6, 2024 Answer. In response to learning this information about the proposed settlement, USAA did not take any action to Remove the lawsuit from State Court within the 30 days following December 23, 2024.

*See* ECF No. 17 at 11 (quoting in part ECF No. 11 at 13).[5]

While I do not agree with Spanel's implied assertion that a matter becomes removable immediately upon notification of a possible settlement, USAA's reliance on the above paragraph, and other selective excerpts from a remand motion, fall short of demonstrating bad faith. Likewise, the singular correspondence letter that USAA references is equally insufficient for this court to find that Spanel acted in bad faith. *See Herrera v. Wood*, 2018 U.S. Dist. LEXIS 47582, at *10 (D. Nev. Mar. 22, 2018) (granting a motion to remand when defendants did not demonstrate that plaintiff acted in bad faith, and when defendants asserted "plaintiff acted in bad faith by delaying notice that the amount in controversy exceed[ed] $75,000 to prevent defendant from filing notice of removal"); *see also Bishop v. Ride the Ducks Int'l, LLC*, 2018 U.S. Dist. LEXIS 178828, at *2 (W.D. Wash. Oct. 17, 2018) (the court declining to find bad faith when a plaintiff settled with non-diverse defendants one week after the one-year mark and dismissed them one month later).

Ultimately, USAA's reliance on one letter and excepts from a motion to argue bad faith by Spanel are insufficient. Although the court recognizes that the letter's wording is certainly

---

[5] USAA arguments reference other portions of the plaintiff's motion to remand to argue the plaintiff essentially "confessed" to their bad faith. *See* ECF No. 17 at 10–12. I find these arguments equally unpersuasive and reject them.

questionable, it does not support a finding of bad faith. For these reasons, I find that USAA's petition for removal was untimely. USAA points to no evidence indicating that the case, although not initially removable, has become removeable in accordance with § 1446(b)(3) or (c). Therefore, this action was improperly removed, so Spanel's motion to remand is granted.

### III. Conclusion

IT IS HEREBY ORDERED that Spanel's motion to remand **[ECF No. 11] is granted**.

The Clerk of Court is kindly instructed to remand this matter to the Eighth Judicial District Court, Case No. A-23-882748-C, Department 6, and to close this case.

Dated: November 18, 2025

_____
Cristina D. Silva
United States District Judge

8